UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WACHOVIA SECURITIES, LLC, n/k/a WELLS FARGO ADVISORS, LLC, and GEORGE GORDON, III,<br><br>Plaintiffs,<br><br>vs.<br><br>GREGORY RAIFMAN, in his individual capacity, SUSAN RAIFMAN, in her individual capacity, GEKKO HOLDINGS, LLC, and HELICON INVESTMENTS, LTD.,<br><br>Defendants. | Case No:  C 10-04573 SBA<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>Docket 67. |

The parties are presently before the Court on Plaintiffs Wachovia Securities, LLC (n/k/a Wells Fargo Advisors, LLC) and George Gordon, III's (collectively, "Plaintiffs") Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure. Dkt. 67.  Defendants Gregory and Susan Raifman, Gekko Holdings, LLC, and Helicon Investments, Ltd. (collectively, "Defendants") filed a statement of non-opposition to the motion.  Dkt. 68.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the Motion for Summary Judgment, for the reasons stated below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

///

## I. BACKGROUND

On July 19, 2010, Defendants Gregory Raifman and Susan Raifman filed a Statement of Claim with the Financial Industry Regulatory Authority ("FINRA") to commence arbitration against the Plaintiffs. Compl. ¶ 1, Dkt. 1. In their Statement of Claim, the Raifmans assert the following claims against Plaintiffs: (1) fraud, concealment, and conspiracy to commit fraud; (2) breach of fiduciary duty; (3) breach of contract; (4) aiding and abetting fraud and breach of fiduciary duty; (5) violation of the California Securities Act; (6) violation of NASD and NYSE rules; and (7) conversion. Id. ¶ 13.

On October 8, 2010, Plaintiffs filed a complaint for declaratory and injunctive relief, seeking to enjoin Defendants from proceeding with their claims in the FINRA arbitration and to stay the arbitration proceedings with respect to those claims. See Compl. Plaintiffs contend that there is "no agreement to arbitrate between either Plaintiff and any of the Defendants, and no Defendant is, or ever has been, a 'customer' of Plaintiffs' such that Plaintiffs, would be required to arbitrate Defendants' claims under applicable FINRA rules." Id. ¶ 2.

Also on October 8, 2010, Plaintiffs filed an Ex Parte Motion for Temporary Restraining Order and Order to Set Show Cause Hearing for a Preliminary Injunction ("TRO Motion"). Dkt. 3. By that motion, Plaintiffs sought: (1) an order temporarily restraining and enjoining Defendants from proceeding with their claims in the FINRA arbitration; (2) an order temporarily staying the proceedings in the FINRA arbitration; and (3) an order to show cause as to why Defendants should not be preliminary restrained and enjoined, pending trial of this action, from proceeding with the FINRA arbitration, and why proceedings in the FINRA arbitration should not be stayed. Id.

On October 20, 2010, the Court granted Plaintiffs' TRO Motion, temporarily enjoining Defendants from proceeding with the FINRA arbitration. Dkt. 24. The Court granted the motion, in part, because Plaintiffs had shown that they are likely to succeed on their claim that Defendants are not "customers" of Plaintiffs, such that Defendants can compel arbitration. Id. On November 1, 2010, the Court granted Plaintiffs' Motion for

1  Preliminary Injunction, in part, because "Plaintiffs are likely to succeed in showing that the
2  relationships between Defendants and Plaintiffs are too tenuous to establish any customer
3  relationships and to compel FINRA arbitration."  Dkt. 33.  The Court ordered that
4  "[p]ending further order of this Court or final adjudication on the merits, Defendants . . .
5  are enjoined from proceeding with their respective claims against Plaintiffs in the FINRA
6  arbitration, and all proceedings in the FINRA arbitration with respect to only those claims
7  are stayed."  Id.
8       On August 25, 2011, Plaintiffs filed a Motion for Summary Judgment on the ground
9  that there are no triable issues of material fact and that Defendants should be permanently
10 enjoined from seeking to compel Plaintiffs to participate in the FINRA arbitration
11 numbered 10-02474 as a matter of law.  Dkt. 67.  In their motion, Plaintiffs request an
12 Order declaring that Defendants are permanently enjoined from seeking to compel
13 Plaintiffs' to participate in the FINRA arbitration numbered 10-02474.  Id.  Plaintiffs
14 request this relief on the grounds that: (1) Defendants have no agreement with Plaintiffs to
15 arbitrate any claim; and (2) Defendants cannot point to any facts that could establish they
16 were Plaintiffs' customers within the meaning of the FINRA rules.  Id.  On September 8,
17 2011, Defendants filed a statement of non-opposition to the motion, stating that Defendants
18 do not oppose entry of Plaintiffs' proposed order granting Plaintiffs' motion for summary
19 judgment.  Dkt. 68.

20 **II.     DISCUSSION**

21       Federal Rule of Civil Procedure 56 provides that a party may move for summary
22 judgment on some or all of the claims or defenses presented in an action.  Fed.R.Civ.P.
23 56(a).  "The court shall grant summary judgment if the movant shows that there is no
24 genuine dispute as to any material fact and the movant is entitled to judgment as a matter of
25 law."  Id.; see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986).
26       Here, given the Court's determination that Plaintiffs are likely to succeed on their
27 claim that Defendants cannot compel FINRA arbitration because Defendants are not
28 customers of Plaintiffs, and given Defendants' statement of non-opposition to Plaintiffs'

motion, which argues that Defendants have no right to arbitrate because Defendants are not Plaintiffs' customers, the Court hereby GRANTS Plaintiffs' Motion for Summary Judgment. Defendants are permanently enjoined from seeking to compel Plaintiffs' to participate in the FINRA arbitration numbered 10-02474.

## III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Plaintiffs' Motion for Summary Judgment is GRANTED. Plaintiffs have no obligation to arbitrate the claims asserted against them by Defendants in the FINRA arbitration numbered 10-02474. Defendants are permanently enjoined from proceeding with their respective claims against Plaintiffs in the FINRA arbitration numbered 10-02474.

2. This Order terminates Docket 67.

3. The Clerk shall close the file.

IT IS SO ORDERED.

Dated: 3/30/12

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge